IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MAYGEN RICHARDSON,<br><br>                Plaintiff,<br><br>vs.<br><br>THE MONEY SOURCE, INC.,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18CV735DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Change Venue and Stay the Filing of Its Answer. The motion is fully briefed, and the court concludes that a hearing would not significantly aid in the court's determination of the motion. The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Defendant The Money Source is a New York corporation that employed Plaintiff Maygen Richardson, who lives in Salt Lake City, Utah. On or about June 7, 2018, the parties entered an employment contract, including a letter regarding the terms of her employment, a Confidentiality and Non-Solicitation Agreement, and a background investigation acknowledgment. The Confidentiality and Non-Solicitation Agreement contains a forum selection provision providing

1

that "Any action or proceeding by either of the parties to enforce this Agreement shall be brought in a state of federal court located in the state of New York, in the counties of Nassau or Suffolk."

Plaintiff has filed the instant action in this court, alleging causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing in connection with the Employment Agreement. Defendant responded by filing the motion to transfer venue that is now before the court.

## DISCUSSION

### Defendant's Motion to Transfer Venue

Defendant seeks to enforce the forum selection clause in the Employment Agreement pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a) and have this action transferred to the United States District Court for the Eastern District of New York. Forum selection clauses are prima facie valid and will be enforced by a court if the forum selection clause is (1) mandatory, and (2) not invalid due to fraud or overreaching. *See Riley v. Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992), *cert. denied*, 506 U.S. 1021 (1992).

For a forum selection clause to be considered mandatory, it must contain "clear language showing that jurisdiction is appropriate only in the designated forum." *Excell, Inc. v. Sterling Boler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). The Tenth Circuit has recognized that "[t]he use of the word 'shall' indicates a mandatory intent unless a convincing argument to the contrary is made." *Milk 'n' More*, 963 F.2d at 1346. In *Excell, Inc. v. Sterling Boler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997), the Tenth Circuit found that a clause stating that

"venue shall lie in the County of El Paso, Colorado" was mandatory. *Id.* at 321. The clause in this case is nearly identical to the clause found mandatory in *Excell*. *Id.*

In addition, as to whether issues of fraud or unreasonableness prevent enforcement of the forum selection clause, Plaintiff must demonstrate that the "(1) forum selection clause is invalid for fraud or overreaching or (2) forcing [her] to proceed in the selected forum will be so gravely difficult or inconvenient that the clause, for all practical purposes, will deprive [her] of [her] day in court." *Zions First National Bank v. Allen*, 688 F. Supp. 1495, 1498 (D. Utah 1988).[1] Plaintiff does not argue that there was any fraud or overreaching in connection with the provision. Plaintiff argues that the Eastern District of New York will be inconvenient for witnesses but does not address the difficulty of litigating in the forum. Therefore, the clause is enforceable under Tenth Circuit law.

However, Plaintiff contends that Defendant rescinded the employment contract and, thus, nullified the forum selection clause. Rescission is a legal term of art. "Rescission is the unmaking of a contract which not only terminates the contract but abrogates it and undoes it from the beginning." *Derma Pen, LLC v. 4Ever Young Ltd.*, 2014 U.S. Dist. LEXIS 108355, *15 (D. Utah Aug. 4, 2014). Plaintiff's only two causes of action in this case–breach of contract and breach of the implied covenant of good faith and fair dealing–depend upon the existence of the agreement. Defendant terminated Plaintiff's employment under the Employment Agreement, it

---

[1] The type of fraud that invalidates a forum selection clause is fraud "specifically related to the inclusion of the forum selection clause." *Id.*; *see also K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellshaft*, 164 F. Supp. 2d 1260, 1264 n.4 (D.N.M. 2001) ("In order to circumvent the forum selection clause, however, K&V must plead that the specific clause, as opposed to the entire contract, was obtained by fraud."), *rev'd on other grounds*, 314 F.3d 494 (10th Cir. 2002).

did not rescind the existence of the agreement. Otherwise, Plaintiff would not have an agreement to serve as the basis of her causes of action. Plaintiff cannot sue to enforce the terms of the agreement against Defendant without being subject to the terms of the agreement. Accordingly, the court concludes that the forum selection clause is valid and must be enforced in this situation. Therefore, pursuant to the terms of the forum selection clause, the court grants Defendant's motion to transfer the action to the Eastern District of New York.

## CONCLUSION

Defendants' Motion to Change Venue [Dkt. No. 7] is GRANTED, and this action is transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). Defendant's request for a stay of the deadline for answering the Complaint is moot. Defendant shall answer Plaintiff's Complaint within fourteen days of the date of this Order.

DATED this 15th day of November, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge